UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DANIEL JUSTINIANO, DANA LATTIMORE, CIERRA INGRAM, WAYNE R. VECCHIO, EMERALD BELL, RAMONITA TORRES, JOSHUA LESLIE, AMADOU BARRY, TOCCARA BYRD, TONIA FOSTER, MARGARET HARRIS, TAMETRIA L. YOUNG, ASHLEY CLAY, GREAG CAMPBELL, FELICIA MCGILL, RODNEY JACKSON, VANIECE BALKMAN, SONIA FUENTES, MARTIN J. MOYNIHAN, CLARENCE RAHMINS, FREDDY COLON, ZORAIDA MARRERO, ANTHONY GONZALEZ, DAVID F. CLARK, JACQUELINE OCCIDENT, JOHN NESMITH, WAYNE WALKER, ARNIE LICHTENSTEIN, WANDA I. FLECHA, FRANKIE HALL, GLENN COOK, IZOLA SYLAR, TONYA WEST, DARLENE JAMES, LARON HAGAN, DIANE TOURE, JAZMINE JONES, DIASHEEN LEE, LEOLA BELL, LUIS A. LOPEZ, CHESTER J. MCGILL, HELEN VAUGHN, JAMES CURRY, KURT BOWLES, MELODY A. FRAME, GREGORY COATES, JAMES TRAMMELL III, JAMES O. SETTLES, DAVID MUSE, JR., ROY WILLIAMS, JR., DEBORAH J. SISSON, VICTORIA WARREN, ANDRE GRAYER, BONNIE KINELYESSNER, DWAYNE BLIZZARD, JIMMIE WELDON, LEON G. BROWN, CHARLES RUCKER, JOANNE ROCHE, ANTHONY ALBERT, OSSIE SADIYOYESWARALI, DUE ABRAHAM, HARVEY M. WATTS, JR., TWANDU WYNTER, LENA BROCK, CYNTHIA HAREWOOD, WILLIAM COLOMBO, KELLY FALZONE, JOSEPH MOLINARI, JR., GLENDA RAMOS, CHARLES F. MESSMER, YVETTE BROWN, DAVID LAWRENCE, DORIAN A. DAVID, PAUL MASNY, WENDY SCHLEYER, JENNIFER WILKES, PRISCILLA FENECK, TAMI SQUIRES, ERIC EWALD, JOHN BERTONICH, BRYAN WELLS, CRYSTAL WELLS, SARAH A. SMITH, KATHLEEN KNAPP, PAMELA MALLORY, THERESA A. LOVE, JAMES W. JENKINS, NANCY BROWN, AND SARAH DENISE MCGEE,

**MEMORANDUM OF DECISION & ORDER**
16-cv-02729 (ADS) (AKT)

        Plaintiffs,

   -against-

FIRST STUDENT MANAGEMENT LLC, FIRST STUDENT INC.,

        Defendants.
---------------------------------------------------------------X

**APPEARANCES:**

**Steven A. Berkowitz & Associates, P.C.**
*Attorneys for the Plaintiffs*
One Greentree Centre
Suite 201
Marlton, NJ 08053
  By: Ira Evan Dorfman, Esq., Of Counsel

**Littler Mendelson PC**
*Attorneys for the Defendants*
One Newark Center
Eigth Floor
Newark, NJ 07102
  By: Michael T Grosso, Esq., Of Counsel

**SPATT, District Judge**:

On May 31, 2016, eighty-nine named Plaintiffs commenced this action, on behalf of themselves and others similarly situated, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the New York State Codes Rules and Regulations ("NYCRR"), and the New York Labor Law ("NYLL") against the Defendants First Student Management LLC and First Student Inc. (the "Defendants" or "First Student") for unpaid wages, overtime, and attorneys' fees.

Presently before the Court is a motion by the Defendants to dismiss the complaint for improper venue pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(b)(3); or, in the alternative, to transfer it to the Western District of New York (the "WDNY") pursuant to 28 U.S.C. § 1404(a) ("Section 1404(a)); or, in the final alternative, to dismiss the first count of the complaint pursuant to Rule 12(b)(6). For the following reasons, the Defendants' motion is granted to the extent that the Court finds that venue in the EDNY is improper, and therefore in the interest of justice transfers the action to the WDNY pursuant to Section 1404(a).

# I. BACKGROUND

## A. The Relevant Facts

For the purposes of resolving the Defendants' motion to dismiss for improper venue pursuant to Rule 12(b)(3) or in the alternative to transfer venue pursuant to Section 1404(a), the following facts are drawn from the Plaintiffs' complaint as well as the submissions of both parties. *See City of Pontiac Gen. Employees Ret. Sys. v. Dell Inc.*, No. 14-CV-3644 (VSB), 2015 WL 12659925, at *3 (S.D.N.Y. Apr. 30, 2015) ("In deciding a motion to transfer, a court may consider material outside of the pleadings."); *Zaltz v. JDATE*, 952 F. Supp. 2d 439, 447 (E.D.N.Y. 2013) ("The Court is permitted [] to consider facts outside of the pleadings on a Rule 12(b)(3) motion."); *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 737 n.1 (S.D.N.Y. 2013) ("[I]n deciding a motion to transfer venue, the Court may consider factual submissions, including declarations, by defendants, who have the burden to justify a change of venue."); *TradeComet.com LLC v. Google, Inc.*, 693 F. Supp.2d 370, 375 n. 3 (S.D.N.Y. 2010) (explaining that a court, in deciding a motion to dismiss for improper venue pursuant to Rule 12(b)(3), "may consider evidentiary matters outside the pleadings, by affidavit or otherwise, regarding the existence of jurisdiction" (internal citation and internal quotation marks omitted)).

However, in the event that the Court must decide the Defendants' motion to dismiss pursuant to Rule 12(b)(6), the Court will constrain its analysis to the Plaintiff's complaint. *See Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) ("When determining the sufficiency of plaintiff['s] claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in [the] complaint, documents attached to the complaint as an exhibit or incorporated in it by reference, matters of which judicial notice may be taken, or documents either in plaintiff['s] possession or of which plaintiff[ ] had knowledge and relied in bringing suit.").

The Plaintiffs, who are all residents of New York State according to the complaint, worked as bus drivers and driver assistants for the Defendants beginning in 2013. The Defendants provide student bus transportation in at least 42 different states. The Defendant First Student Management LLC is an Ohio limited liability company, incorporated under the laws of Delaware, with a principal place of business in Cincinnati, Ohio. The Defendant First Student, Inc. is an Ohio corporation, incorporated under the laws of Delaware, also with a principal place of business in Cincinnati, Ohio.

The complaint lists forty bus yards operated by the Defendants in New York State. The complaint does not state whether the Plaintiffs worked in all of those bus yards or only some of them. However, the Defendants claim that the named Plaintiffs worked "in a handful of locations in Rochester and Auburn, New York (and one named Plaintiff worked in Atlanta, Georgia at some point during her employment." (Def.'s Mem. of Law at 1; Def.'s Ex. 2, Decl. of Islam El-Shamy ("Decl. of El-Shamy") at ¶¶ 6a–6h). Only eleven of the named Plaintiffs ever worked in Auburn; the rest currently work, or were last employed, at locations in Rochester. Rochester is in the WDNY. Auburn is in the Northern District of New York ("NDNY"). None of the named Plaintiffs worked in bus yards located in the EDNY.

The Plaintiffs allege that they were not paid minimum wage, or compensated appropriately for working overtime; and that the Defendants failed to keep accurate payroll records. The Plaintiffs allege that these violations of federal and New York State ("NYS") labor laws were willful, and they include allegations of the Defendants' previous violations as evidence of their willfulness.

### B. Relevant Procedural History

The Plaintiffs filed their complaint on May 31, 2016. They alleged four causes of action: failure to pay minimum wage for straight time worked under the FLSA; failure to pay overtime wages under the FLSA; failure to pay straight time and keep accurate payroll records under the NYLL and the NYCRR; and failure to pay overtime wages under the NYLL and NYCRR.

The Defendants moved to dismiss the complaint for improper venue pursuant to Rule 12(b)(3), along with requests for alternative relief, on September 7, 2016.

## II. DISCUSSION

### A. As to the Defendants' Motion to Dismiss for Improper Venue

#### 1. The Legal Standard

On a motion to dismiss a complaint under Rule 12(b)(3) for improper venue, "the plaintiff bears the burden of establishing that venue is proper." *French Transit v. Modern Coupon Sys.,* 858 F. Supp. 22, 25 (S.D.N.Y. 1994). A court applies the same standard of review in Rule 12(b)(3) dismissals as Rule 12(b)(2) dismissals for lack of personal jurisdiction. *Gulf Ins. Co. v. Glasbrenner,* 417 F.3d 353, 355 (2d Cir. 2005). "If the court chooses to rely on pleadings and affidavits, the plaintiff need only make a *prima facie* showing of [venue]." *Id.* (quoting *CutCo Indus. v. Naughton,* 806 F.2d 361, 364–65 (2d Cir. 1986)). Whether to dismiss an action for improper venue is in the district court's sound discretion. *Minnette v. Time Warner,* 997 F.2d 1023, 1026 (2d Cir. 1993).

On such a motion, the plaintiff has the burden of showing that venue in the forum district is proper. *Solow Bldg. Co. v. ATC Assocs., Inc.,* 175 F. Supp. 2d 465, 469 (E.D.N.Y. 2001). In analyzing a claim of improper venue, a court must view all facts in the light most favorable to the plaintiff. *Phillips v. Audio Active Ltd.,* 494 F.3d 378, 384 (2d Cir. 2007). Thus, "the Court must

accept the facts alleged in the complaint and construe all reasonable inferences in the plaintiff's favor." *Matera v. Native Eyewear, Inc.,* 355 F. Supp. 2d 680, 681 (E.D.N.Y. 2005) (quoting *Fisher v. Hopkins, \*552* No. 02 Civ. 7077, 2003 WL 102845, at \*2 (S.D.N.Y. Jan. 9, 2003) (internal quotation marks omitted)).

28 U.S.C. § 1391 ("Section 1391") is the federal venue statute. It states that:

> A civil action may be brought in –
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Relevant here, Section 1391 also states that "an entity with the capacity to sue and be sued . . . shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." *Id.* at (c)(2). "Essentially section 1391(c) equates jurisdiction with venue for corporate defendants." *Laumann Manufacturing Corp. v. Castings USA, Inc.,* 913 F. Supp. 712, 719 (E.D.N.Y. 1996).

As to states with multiple federal judicial districts, such as New York State, Section 1391 goes on to say:

> [F]or purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

*Id.* at (d).

The Second Circuit has held that "the civil venue statute permits venue in multiple judicial districts as long as 'a substantial part' of the underlying events took place in those districts . . . ." *Gulf*, 417 F.3d at 356. The *Gulf* court went on to say:

> [F]or venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere. It would be error, for instance, to treat the venue statute's "substantial part" test as mirroring the minimum contacts test employed in personal jurisdiction inquiries. *See Jenkins Brick,* 321 F.3d at 1372; *Cottman Transmission Sys. v. Martino,* 36 F.3d 291, 294 (3d Cir. 1994); *cf. United States ex rel. Rudick v. Laird,* 412 F.2d 16, 20 (2d Cir. 1969) ("The concepts of personal jurisdiction and venue are closely related but nonetheless distinct.").

*Id.* at 357 (2d Cir. 2005) (emphasis in original).

Despite the *Gulf* court's statement that jurisdiction and venue are distinct, it is clear from the statute and the case law that the Court must nevertheless engage in a personal jurisdiction analysis to determine whether venue in the EDNY is proper.

Courts may exercise either specific or general jurisdiction over a defendant. *Daimler AG v. Bauman*, ––U.S. –––, 134 S.Ct. 746, 754, 187 L.Ed.2d 624 (2014). "General jurisdiction renders a defendant amendable to suit on all claims." *Cortlandt St. Recovery Corp. v. Deutsche Bank AG, London Branch*, No. 14-CV-01568 JPO, 2015 WL 5091170, at *2 (S.D.N.Y. Aug. 28, 2015) (citations omitted). Specific jurisdiction subjects a defendant to suit only on claims that "arise from conduct related to the forum." *Id.* "In litigation arising under federal statutes that do not contain their own jurisdictional provisions, such as the [FLSA] under which suit is brought in the case at bar, federal courts are to apply the personal jurisdiction rules of the forum state." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir.), *certified question accepted*, 15 N.Y.3d 744, 933 N.E.2d 205 (2010), and *certified question answered*, 16 N.Y.3d 295, 946 N.E.2d 159 (2011). Therefore, this Court will examine jurisdiction under New York State law.

7

### a. General Jurisdiction

Under New York law, "a foreign corporation is subject to general personal jurisdiction in New York if it is 'doing business' in the state." *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000) (citation omitted). A corporation is "doing business" in New York when it conducts business in the state "not occasionally or casually, but with a fair measure of permanence and continuity." *Id.* (internal citation omitted). Plaintiffs who make a showing of such sustained business activity satisfy the requirements of New York law. *Cortlandt*, 2015 WL 5091170, at *3.

However, the Supreme Court's decision in *Daimler* has cast serious doubt on the extent to which a court can exercise general jurisdiction, especially under New York law. From *Daimler*, the proposition emerged that it "would be inconsistent with due process" to exercise general jurisdiction where a plaintiff "has not alleged that [the defendant] is headquartered or incorporated in New York, nor has it alleged facts sufficient to show that [the defendant] is otherwise 'at home' in New York." *Cont'l Indus. Group v. Equate Petrochemical Co.*, 586 F. App'x 768, 769–770 (2d Cir. 2014) (summary order).

Thus, "[t]he Supreme Court's decision in *Daimler* . . . changed the law of general jurisdiction, making it substantially more difficult to establish that type of personal jurisdiction." *Bertolini–Mier v. Upper Valley Neurology Neurosurgery, P.C.*, 2016 WL 7174646, at *4 (D. Vt. Dec. 7, 2016) (citing *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) (reading *Daimler* as implementing a "restrictive" test); *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014) (articulating the change in the law effected by *Daimler*, and finding that a New York court could not exercise general jurisdiction over a bank with branches in New York which was incorporated elsewhere and did not have contacts so continuous and systematic to render it at home in New York); *Weiss v. Nat'l Westminster Bank PLC*, 176 F. Supp. 3d 264, 274 (E.D.N.Y.

2016) (noting that *Daimler* "narrowed the law on general jurisdiction"); *Hood v. Ascent Med. Corp.*, 2016 WL 1366920, at *8 (S.D.N.Y. Mar. 3, 2016) ("[i]n the recent cases of *Daimler* and *Goodyear*, the Supreme Court made clear that the constitutional standard for finding a corporation to be 'essentially at home' in a foreign jurisdiction is a stringent one")(quoting *Daimler*, 134 S. Ct. at 760); *Cortlandt*, 2015 WL 5091170, at *3("[I]t is uncertain if New York's 'doing business' jurisdiction remains viable in light of *Daimler*." (citing *Reich v. Lopez*, 38 F. Supp. 3d 436, 454–55 (S.D.N.Y. 2014) (collecting cases)). "[A]lthough *Daimler* and *Goodyear* 'd[o] not hold that a corporation may be subject to general jurisdiction only in a forum where it is incorporated or has its principal place of business,' those cases make clear that even a company's 'engage[ment] in a substantial, continuous, and systematic course of business' is . . . insufficient to render it at home in a forum." *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 226 (2d Cir.), *cert. denied*, ––– U.S. ––––, 134 S. Ct. 2888, 189 L. Ed. 2d 837 (2014) (quoting *Daimler*, 134 S. Ct. at 760)).

### b. Specific Jurisdiction

New York State's long-arm statute allows courts to exercise specific jurisdiction over non-domiciled entities under certain circumstances. It states that:

> [a]s to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

9

> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> 4. owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. 302; *see also Jonas v. Estate of Leven*, 116 F. Supp. 3d 314, 323–24 (S.D.N.Y. 2015) ("In addition, a defendant may be subject to New York's long-arm statute, N.Y. C.P.L.R. § 302, if he engages in the [acts enumerated in the statute] either in person or through an agent *and* such acts relate to an asserted claim . . . ." (emphasis in original)). Therefore, in order to exercise specific jurisdiction over an individual or entity, that non-domiciliary must have engaged in one of the four enumerated acts above, and the causes of action must relate to one of those four acts.

### 2. Application to the Facts

The Plaintiffs seek to invoke both Section 1391(b)(1) as well as Section 1391(b)(2). Therefore, the Court will examine whether venue is proper under either provision.

#### a. As to whether the Defendants are Subject to the Jurisdiction of the EDNY

##### i. As to whether the Defendants are subject to General Jurisdiction

As an initial matter, Section 1391 clearly states that a corporate entity resides" in any judicial district in which such defendant is subject to the court's personal jurisdiction," and that in states with multiple districts, "such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(c)–(d). Therefore, it follows logically that any court seeking to examine whether a defendant was subject to its jurisdiction should treat the court's judicial district as if it were its own state, as Section 1391 explicitly provides. However, many federal courts examine whether the defendant would be subject to general jurisdiction in New York State. This Court believes that analysis runs counter to the directives and logic of Section 1391.

Nevertheless, the Court will examine whether the Defendants would be subject to general jurisdiction in New York State.

The Defendants argue that this Court cannot exercise general jurisdiction because it is not "at home" in New York State, which is what *Daimler* requires. The Plaintiffs argue that the Defendants' contacts with the state are so continuous and systematic as to render it at home in New York. The Court finds that it is unable to exercise general jurisdiction over the Defendants.

*Daimler* and its progeny illustrate that a plaintiff bears a substantial burden when he or she attempts to claim that a foreign defendant is subject to general jurisdiction. In the Court's view, the Plaintiffs have not met that high burden. In the Court's view, the Plaintiffs have not shown that the Defendants, who retain principal places of business in Ohio; are incorporated under the laws of Delaware; and do business in at least 42 different states should be subject to general jurisdiction in New York State. That is, the Plaintiffs have not shown that this is an exceptional case where the Defendants "are essentially at home" in New York State by alleging that they maintain 40 yards in the state. *See Minholz v. Lockheed Martin Corp.*, -- F. Supp. 3d --, No. 1:16-CV-154, 2016 WL 7496129, at *7 (N.D.N.Y. Dec. 30, 2016) (finding that Lockheed Martin was not subject to general jurisdiction in New York State where it was a corporation that conducted business throughout the country and the globe, and its New York operations represented a fraction of its business); *Pablo Star Ltd. v. Welsh Gov't*, 170 F. Supp. 3d 597, 606 (S.D.N.Y. 2016), *reconsideration denied*, No. 15-CV-1167 (JPO), 2016 WL 2745849 (S.D.N.Y. May 11, 2016) ("The Complaint does not allege that any of the [] Defendants are incorporated in, or have a principal place of business in, New York. Nor have Plaintiffs alleged contacts with New York so substantial that this is the 'exceptional case' in which a corporation is 'essentially at home' in a foreign forum." (internal citations omitted)); *SPV OSUS Ltd. v. UBS AG*, 114 F. Supp. 3d 161, 168

11

(S.D.N.Y. 2015) (finding that even if the defendant's contacts amounted to "a substantial, continuous, and systematic course of business," the Supreme Court held in Daimler that such contact were insufficient to establish general jurisdiction, because the plaintiffs failed to "establish that this is the 'exceptional case' in which a corporation is 'essentially at home' in a foreign forum such that the Court may exercise general jurisdiction over it.").

The Plaintiff also argues that the Defendants' registration to do business in New York State subjects it to general jurisdiction. However, this claim has been placed in serious doubt after *Goodyear* and *Daimler*. As the Northern District of New York recently said:

> As expressed by the Second Circuit in *Brown*, the Supreme Court's shift in the general jurisdiction analysis over foreign corporations "from the 'minimum contacts' review described in *International Shoe* to the more demanding 'essentially at home' test enunciated in *Goodyear* and *Daimler*—suggests that federal due process rights likely constrain an interpretation that transforms a run-of-the-mill registration and appointment statute into a corporate 'consent' . . . to the exercise of general jurisdiction by state courts . . . ." *Brown*, 814 F.3d at 637. Because New York Business Corporations Law § 1301 is absent an explicit indication that registration subjects a registrant to general jurisdiction in New York, an exercise of general personal jurisdiction based on registration alone would be counter to the principles of due process articulated in *Daimler*. *See Chatwal Hotels & Resorts LLC v. Dollywood Co.*, 90 F. Supp. 3d 97, 105 (S.D.N.Y. 2015).

*Minholz*, 2016 WL 7496129, at *9.

Therefore, because of the stringent standard announced in Daimler, the Court finds that it cannot exercise general jurisdiction over the Defendants.

### ii. As to whether the Defendants are Subject to Specific Jurisdiction

The Defendants argue that they are not subject to specific jurisdiction in the EDNY because none of the Plaintiffs' claims arise out of the Defendants' bus yards in the district. In opposition, the Plaintiffs contend that the Defendants' operation of five bus yards is sufficient; and the fact that the four similarly situated individuals who have opted into the putative class action worked in the Defendants' Shoreham bus yard supply sufficient connection. The Court finds that the

Defendants are not subject to specific jurisdiction in the EDNY with regard to the named Plaintiffs' claims.

While it is true that the Defendants operate five bus yards in the EDNY, the Plaintiffs' claims do not relate to those bus yards. None of the named Plaintiffs ever worked in any of the bus yards in the EDNY. Although the Plaintiffs argue that the Court should consider four opt-in Plaintiffs who worked in the Defendants' Shoreham bus yard, the Court finds that is inappropriate at this time to consider those individuals because the Court does not have jurisdiction over those individuals or any claims that they may have. The individuals who are not named Plaintiffs are not technically part of this action, and it is unknown whether they will ever become party of the action. At this point, the action is a putative class action. It has received neither class certification nor conditional class certification. *See Baxter v. Palmigiano,* 425 U.S. 308, 310 n. 1, 96 S. Ct. 1551, 47 L. Ed. 2d 810 (1976) ("Without such certification and identification of the class [under Rule 23], the action is not properly a class action."); *Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 112 n.22 (2d Cir. 2013) ("But until certification, the jurisdiction of the district court depends upon its having jurisdiction over the claim of the named plaintiffs when the suit is filed and continuously thereafter until certification because until certification there is no class action but merely the prospect of one; *the only action is the suit by the named plaintiffs*.") (emphasis added); *In re Painewebber Ltd. Partnerships Litig.*, 147 F.3d 132, 138 (2d Cir. 1998) ("Absent certification by a court and identification of the class, the action is not properly a class action . . . ."); *Derbaremdiker v. Applebee's Int'l, Inc.*, No. 12-cv-01058, 2012 WL 4482057, at *9 n.9 (E.D.N.Y. Sept. 26, 2012), *aff'd*, 519 F. App'x 77 (2d Cir. 2013) (dismissing only the named plaintiff's claims in a putative class action lawsuit pursuant to a Rule 12(b)(6) motion by the Defendant, because "Plaintiff has not moved to certify this case as a class action,

nor has he been designated a class representative," and therefore there were "no other parties or claims" in the action."); *Biscone v. JetBlue Airways Corp.,* 681 F. Supp. 2d 383, 386 (E.D.N.Y. 2010) ("As a general rule, until a class action is certified pursuant to Rule 23 of the Federal Rules of Civil Procedure, *the claims of potential class members cannot be considered.*") (emphasis added); *Bowens v. Atlantic Maintenance Corp.,* 546 F. Supp. 2d 55, 76 (E.D.N.Y. 2008) ("[I]n the absence of certification, there is no class action under Rule 23. The unnamed class members are not technically part of the action until the court has certified the class . . . ." (internal citations and quotations omitted)).

Therefore, while the Defendants transact business within the EDNY and use real property within the district, the Plaintiffs claims do not relate to those transactions or that usage. Accordingly, this Court cannot exercise specific jurisdiction over the Defendants, and venue is not proper under Section 1391(b)(1).

### b. As to whether a Substantial Portion of the Events of Omissions Occurred in the EDNY

The Defendants argue that since none of the events alleged by the Plaintiffs occurred in the EDNY, the Court cannot find that a substantial portion of the events or omissions occurred in the district. The Plaintiffs argue that the claims of the four individuals similarly situated to the Plaintiffs who have opted into the putative class action constitute substantiality.

When a plaintiff relies on § 1391(b)(2) to defeat a venue challenge, the court should engage in a two-part inquiry: (1) "identify the nature of the claims and the acts or omissions that the plaintiff alleges give rise to those claims," and (2) "determine whether a substantial part of those acts or omissions occurred in the district where [the] suit was filed." *Daniel v. Am. Bd. of Emer. Med.,* 428 F.3d 408, 432 (2d Cir. 2005) (citing *Gulf,* 417 F.3d at 357). "'Substantiality' for venue purposes is more a qualitative than a quantitative inquiry, determined by assessing the overall

nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts." *Cold Spring Harbor Lab. v. Ropes & Gray LLP*, 762 F. Supp. 2d 543, 553 (E.D.N.Y. 2011) (Spatt, J.) (quoting *Daniel,* 428 F.3d at 432–33).

Here, the nature of the claims and the acts and omissions relate to how eighty-nine individuals were paid in bus yards owned by the Defendants. None of those bus yards are located in the EDNY—they are all located in the WDNY and the NDNY. Therefore, a substantial part of those acts or omissions did not occur in the EDNY.

As stated above, the Court does not believe it is proper to consider the claims of the putative class members because they are not currently parties to this action. However, even if the Court were to find that it was proper to consider non-parties at this point, it would strain reason to find that the events that took place in the EDNY constitute a substantial part of the underlying events. *Gulf*, 417 F.3d at 356. There are eighty-nine named Plaintiffs, none of whom worked in any of the bus yards located in the EDNY. As of the date of this decision, there are over fifty individuals who have opted into the putative class action. Therefore, out of the approximately one hundred and fifty individuals related to this action, the Plaintiffs argue that the acts or omissions of the Defendants related to four individuals constitute a substantial part of the underlying events. While the Court is mindful that "'[s]ubstantiality' for venue purposes is more a qualitative than a quantitative inquiry [not] determined . . . by simply adding up the number of contacts," *Cold Spring Harbor Lab.*, 762 F. Supp. 2d at 553, the Court is unable to find that the claims of four individuals who are not currently parties to the action constitute a substantial portion of the events. "[W]hen a court examines the question of whether venue in a forum is proper, it must focus on where the *defendant's* acts or omissions occurred." *Id.* at 556 (emphasis in original). Here, all of

15

the events alleged by the named Plaintiffs occurred in the WDNY or the NDNY. None of the alleged conduct occurred in the EDNY.

Therefore, the Court finds that venue is not proper under Section 1391(b)(2).

### III.  CONCLUSION

The Court has found that venue is improper. Therefore, it must decide whether to dismiss the case or transfer it in the interest of justice. *See Cooney v. Barry Sch. of Law*, 994 F. Supp. 2d 268, 271 (E.D.N.Y. 2014) ("When venue is improper, it is within the Court's discretion to either dismiss the case or transfer it to a proper venue under 28 U.S.C. § 1406." (citing *Daniel,* 428 F.3d at 435); *see also* 28 U.S.C. § 1406 ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district division in which it could have been brought.").

The Court agrees with the Plaintiffs that if the Court dismissed the action, the Plaintiffs would expend needless time and money refiling the case in another district. The Plaintiffs asked the Court to transfer the case to the WDNY in the interest of justice if the Court was inclined to grant the Defendants' motion. The Defendants admit that the case could have been brought in the WDNY, and they go so far as to say that it should have been brought in that district. The Court agrees that the interests of justice would best be served by transferring this action to the WDNY. Most of the named Plaintiffs worked for the Defendants in the WDNY. While several worked for the Defendants in the NDNY, the NDNY is closer to the WDNY than the EDNY. All of the acts and omissions occurred in the WDNY or the NDNY. Therefore, witnesses and documents are likely to reside in the WDNY and NDNY. Namely, the locus of operative facts is between the WDNY and the NDNY.

Therefore, for the reasons stated above, the Court grants the Defendants' motion to dismiss for improper venue pursuant to Rule 12(b)(3) to the extent that the Court finds that venue in the EDNY is improper; and that the interests of justice dictate that the case be transferred to the WDNY pursuant to Section 1404(a).

The Clerk of the Court is respectfully directed to effectuate the transfer and close the case.

It is **SO ORDERED:**

Dated: Central Islip, New York

April 26, 2017

_____/s/ Arthur D. Spatt_____

ARTHUR D. SPATT

United States District Judge